Opinion issued August 26, 2004








     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00429-CR




REYNALDO DANIEL, JR., Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Court at Law No. 3
Galveston County, Texas
Trial Court Cause No. 221736




MEMORANDUM OPINION

          A jury found appellant, Reynaldo Daniel, Jr., guilty of assault causing bodily
injury, and the trial court sentenced him to 365 days’ confinement. In his sole issue,
appellant contends that the trial court erred when it denied his motion for mistrial
“which was based on the failure of the State to secure the attendance of material and
favorable witnesses after appellant filed an application for subpoenas for witnesses.” 
We affirm.
Background
          On March 19, 2003, appellant’s counsel filed an application for trial witness
subpoenas. The subpoenas instructed the witnesses to appear to testify at trial at
10:00 a.m. on March 24, 2003. On March 24, 2003, appellant announced ready for
trial, and the trial commenced. After the State rested, appellant’s counsel informed
the trial court that the defense witnesses were not present. The trial court took a 10-minute break to give the defense time to locate its witnesses. Appellant’s counsel put
on one witness, and the trial court broke for the day. 
           The next morning, appellant’s counsel informed the trial court that appellant
was “not ready because the subpoenas, as far as I know haven’t been served.” 
Appellant’s counsel also admitted that he had spoken with one potential defense
witness and “may have left him with the impression he didn’t have to show up.” 
          After further inquiry regarding the subpoenas, appellant’s counsel asked the
trial court to order writs of attachment for the missing witnesses who had been served
but not yet appeared.


 The trial court responded, “I don’t know that I can do that. 
They were served after the time frame and I think that you released one of them.” 
The trial court denied appellant’s request. Appellant’s counsel then asked the trial
court for extra time to allow the witnesses to be served and appear. The trial court
granted appellant’s request and gave appellant until 1:00 p.m., on March 25 2003, 
to locate his witnesses. Appellant did not file a motion for continuance. 
           Two of the subpoenaed witnesses appeared before the resumption of trial. The
only witness who did not appear was Ron Manning. However, Manning had not been
served by the court-imposed deadline. Appellant’s counsel moved for a mistrial, and
the trial court denied the request. The trial continued, and the jury returned a guilty
verdict later that afternoon. Appellant filed a motion for new trial, which was denied
by operation of law. 
Motion for Mistrial
          In his sole point of error, appellant argues that, because the trial court denied
his motion for mistrial, he was deprived of his constitutional right to compulsory
process for obtaining witnesses, and the jury did not have an opportunity to hear his
version of the facts.
          When a subpoenaed witness does not appear, the party calling him must follow
three steps to preserve error. Erwin v. State, 729 S.W.2d 709, 714 (Tex. Crim. App.
1987); Rodela v. State, 829 S.W.2d 845, 848 (Tex. App.—Houston [1st Dist.] 1992,
no pet.). First, the party must request a writ of attachment, which must be denied by
the trial court. Erwin, 729 S.W.2d at 714; Rodela, 829 S.W.2d at 848. Second, the
party must show what the witness would have testified to. Erwin, 729 S.W.2d at 714;
Rodela, 829 S.W.2d at 848. The defendant may make this showing by attaching
affidavits to the motion for continuance or to a motion for new trial or by providing
testimony at a new trial hearing. See Gentry v. State, 770 S.W.2d 780, 787 (Tex.
Crim. App. 1988); Lemmons v. State, 75 S.W.3d 513, 526 (Tex. App.—San Antonio
2002, pet. ref’d). A party’s assertion of the anticipated testimony on the record in
open court is also sufficient to preserve error. Sturgeon v. State, 106 S.W.3d 81, 85
(Tex. Crim. App. 2003). Third, the testimony that the witness would have given must
be relevant and material. Id. If all three requirements have been met, reversible error
will result unless the error made no contribution to the conviction or to the
punishment. Id. 
           In this case, appellant failed to meet the second and third requirements
necessary to preserve error on this issue. Here, appellant has not shown, through
open court testimony, affidavits, or a bill of exceptions, what Manning’s testimony
would have been. Although appellant indicated that he would file a bill of
exceptions, there is no evidence in the record that one was filed. In his motion for
new trial, appellant merely asserted, “a material defense witness was kept from the
court to testify on behalf of the defendant through acts of fraud.” Such a statement
does not sufficiently show the substance of the proposed testimony. See Erwin, 729
S.W.2d at 713–14.
          Finally, appellant argues that he should be excused from having to show the
materiality of Manning’s testimony because he did not know that his witnesses had
not been served with subpoenas until well into the trial and his only option was to
ask for a mistrial. Appellant has cited no authority in support of this argument, and
we have found none. Accordingly, for all of the reasons stated above, appellant failed
to preserve error regarding the trial court’s denial of his motion for mistrial. See
Erwin, 729 S.W.2d at 713–14.
          We overrule appellant’s sole issue. 
Conclusion
          We affirm the judgment of the trial court. 

                                                             George C. Hanks, Jr.
                                                             Justice
Panel consists of Justices Taft, Hanks, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).